IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

--------------------

**TSE INDUSTRIES, INC.**,

    *Plaintiff*,

vs.                                                                                             Case No.  8:08-CV-1991-T 17 TGW

**ISOTEC INTERNATIONAL, INC.**,

    *Defendant*.

_____

RICHARD T. CATALANO     (FL Bar 500380)
General Counsel
**TSE INDUSTRIES, INC.**
4370 112th Terrace N.
Clearwater, Florida  33762-4902
Tel:  (727) 540-1240
Fax:  (727) 540-1241
E-mail: Richard.Catalano@tse-industries.com

MARK J. YOUNG     (FL Bar 78158)
**MARK YOUNG P.A.**
12086 Fort Caroline Rd., Unit 202
Jacksonville, Florida 32225
Tel: (904) 996-8099
Fax: (904) 996-8234
E-mail: myoung@myoungpa.com

ROBERT C.J. TUTTLE     (MI Bar P25222)
ROBERT C. BRANDENBURG     (MI Bar P28660)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400
Fax: (248) 358-3351
E-mail: ruttle@brookskushman.com
       rbrandenburg@brookskushman.com

    *Attorneys for Plaintiff*

_____

# PLAINTIFF'S MEMORANDUM IN OPPOSITION
# TO DEFENDANT'S MOTION TO DISMISS

## ARGUMENTS AND AUTHORITIES

A.  **Isotec's Rule 12(b)(1) Challenge To
    Declaratory Judgment Jurisdiction
    Is Based On Federal Circuit Cases
    Overruled By The Supreme Court In 2007**

On January 9, 2007, the Supreme Court decided *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), effectively overruling the Federal Circuit cases on declaratory judgment jurisdiction cited by Defendant, Isotec International, Inc. ("Isotec"), in the Rule 12(b)(1) portion of its motion to dismiss.  Isotec's motion papers fail to mention the 2007 *MedImmune* decision.

Specifically, the "two-part test" for declaratory jurisdiction in a patent case, set out on page 2 of Isotec's Memorandum, is no longer the law.  The "reasonable apprehension" part of the test was rejected by the *MedImmune* Court.  *See Cat Tech LLC v. Tubemaster, Inc.,* 528 F.3d 871, 879 (Fed. Cir. 2008) ("In *MedImmune,* the Supreme Court rejected the first prong of our declaratory judgment standard, concluding that the 'reasonable apprehension of suit test' was unduly restrictive. 127 S.Ct. at 770-77.")  Nonetheless, Isotec devotes pages 3 - 5 of its Memorandum to the "reasonable apprehension" prong of the obsolete test for declaratory judgment jurisdiction.

The correct test for declaratory judgment jurisdiction, as re-stated by the *MedImmune* Court, is set out below:

> whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

(127 S.Ct. at 771.)

The Declaratory Judgment Act (the "Act") can prevent patent owners from "brandishing a Damoclean threat with a sheathed sword." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 735 (Fed.Cir.1988). The Act serves the policies underlying the patent laws by enabling a test of the validity and infringement of patents that are possibly being used only as what Learned Hand, in *Bresnick v. United States Vitamin Corp.*, 139 F.2d 239, 242 (2d Cir. 1943), called "scarecrows." *Id.* at n. 4. Before declaratory relief was available, "competitors were 'victimized' by patent owners who engaged in 'extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect[ed] the competitive environment of the business community with uncertainty and insecurity.'" *Teva Pharms.,* 482 F.3d at 1336 n. 2 (quoting *Arrowhead,* 846 F.2d at 735).

Turning attention to the Complaint, the pleaded allegations tell the story of Isotec's extra-judicial enforcement of U.S. Patent No. 6,521,298 by threatening customers for polyurethane products, and diverting sales of such products away from plaintiff TSE Industries, Inc. ("TSE"), its competitor, namely:

- Complaint ¶7  -  "The '298 patent does not claim any composition of matter for use in practicing the claimed method."

- Complaint ¶9  -  "TSE sells and offers for sale polyurethane products to manufacturers for use in making lighter polyurethane reinforced tub and spa shells.

- Complaint ¶10  -  "Defendant Isotec also sells polyurethane products to manufacturers for use in making lighter polyurethane reinforced tub and spa shells."

- Complaint ¶11 - "Plaintiff TSE is a direct competitor of Isotec in the tub and spa manufacturing trade."

- Complaint ¶13 - "Isotec has conditioned the use of the claimed method of the '298 patent upon the user's purchase of unpatented polyurethane products from Isotec, *i.e.*, by "tying" a license to (or covenant not to sue for) use of the claimed method of the '298 patent to the purchase of Isotec's unpatented materials.

- Complaint ¶14 - "[Isotec has issued to the trade a] new product announcement stating that the '298 patent 'can only be used with Isotec polyurethane products'."

- Complaint ¶15 - "As a result of Isotec's 'tying' actions, potential customers have refused to purchase polyurethane products from TSE for use in making lighter polyurethane reinforced tub and spa shells."

- Complaint ¶16 - "Isotec's actions amount to a 'Damoclean threat' designed to force customers to purchase Isotec's products while frightening customers into not purchasing products from its competitors such as TSE."

- Complaint ¶18 - "Isotec's actions force competitors such as TSE to either risk liability for patent infringement or to abandon their otherwise lawful enterprise."

These allegations meet the elements of the *MedImmune* test for declaratory judgment jurisdiction, for the following reasons. ***First***, there is a "substantial controversy" based on (1) the probable invalidity of the Isotec '298 patent, and (2) Isotec's misuse of that patent to force customers into purchasing Isotec's polyurethane products. Isotec's conduct is causing harm in the market, and specifically to TSE, for the subject polyurethane products. ***Second***, TSE and Isotec have adverse legal interests. They compete directly for sales of the unpatented

-3-

polyurethane products.  **Third**, the controversy is of "sufficient immediacy and reality" to warrant declaratory relief.  Every day that Isotec is allowed to continue its "Damoclean threats" in the marketplace, TSE suffers financial damage by being victimized by Isotec's "extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity. "  *Teva Pharms.,* 482 F.3d at 1336 n. 2.

Contrary to Isotec's argument, there is an "actual controversy" arising from Isotec's conduct and the *prima facie* invalidity of the '298 patent, as pleaded in the Complaint.

Isotec hedges its position by asking the Court to exercise its discretion to decline declaratory judgment jurisdiction, even if a justiciable controversy exists.  Although the district court is given the discretion, in declaratory judgment actions, to dismiss the case, there are boundaries to that discretion.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).  When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal. *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).  Furthermore, the exercise of discretion must be supported by a sound basis for refusing to adjudicate an actual controversy.  *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005).

Isotec does not want the validity or enforceability of the '298 patent tested before the Court in this case.  Isotec's request is in conflict with a well-established line of Supreme Court cases respecting the public's interest to be free of improvidently issued patents, and

favoring judicial challenge to those patents to remove them as impediments to lawful competition:

> A patent by its very nature is affected with a public interest. ... [It is] an exception to the general rule against monopolies and to the right to access to a free and open market. The far-reaching social and economic consequences of a patent, therefore, give the public a paramount interest in seeing that patent monopolies spring from backgrounds free from fraud or other inequitable conduct and that such monopolies are kept within their legitimate scope.
>
> *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 816, 65 S.Ct. 993, 998 (1945).

Similarly, "federal law requires that all ideas in general circulation be dedicated to the common good unless they are protected by a valid patent." *Lear v. Adkins*, 395 U.S. 653, 668, 89 S.Ct. 1902, 1910 (1969) (making unenforceable license provisions that would estop a licensee from challenging patent validity). *See also, Blonder-Tongue Laboratories, Inc. v. University Of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434 (1971) (holding that patentee is estopped to assert validity of patent that has been declared invalid in a prior suit against a different defendant).

Federal intellectual property policy favors removal of "scarecrow" patents - - such as Isotec's '298 patent - - from the market. Isotec's request that the Court decline declaratory judgment jurisdiction should be denied for these venerable policy reasons.

**B.     TSE's Unfair Competition Claim Is Well-Pleaded**

Isotec attempts to equate TSE's unfair competition claim under Florida law to a Sherman Act §1 claim under federal law. Isotec then faults the pleading because there is no explicit allegation of "market power" in the Complaint that would be required to plead a Sherman Act §1 claim.

Contrary to Isotec's argument, TSE's pleaded unfair competition claim is not limited to a Sherman Act §1 violation. Fl. Stat. §501.204 and §501.211 afford a private right of action and remedies for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

TSE submits there is no defect in the unfair competition claim pleaded in the Complaint that warrants its dismissal. If the Court believes any further particularity in the pleading would be helpful, TSE asks for leave to file an amended complaint adding any detail that might be necessary.

**C.    Conclusion**

Isotec's challenge to the Court's declaratory judgment jurisdiction is mis-aimed. The Supreme Court's 2007 decision in *MedImmune* effectively overruled the older Federal Circuit cases relied on by Isotec. Similarly, Isotec's attempt to cabin the unfair competition claim to a Sherman Act §1 violation is improper. TSE has a private right of action under Florida statutory law in respect of the "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices" of Isotec.

For the foregoing reasons, TSE asks the Court to **DENY** Isotec's motion to dismiss.

Respectfully submitted,

By: /s/ Richard T. Catalano

Richard T. Catalano   (FL Bar 500380)
General Counsel
TSE Industries, Inc.
4370 112th Terrace N.
Clearwater, Florida  33762-4902
Tel:  (727) 540-1240
Fax:  (727) 540-1241

Dated:   November 4, 2008          E-mail:  Richard.Catalano@tse-industries.com

OF COUNSEL:

ROBERT C.J. TUTTLE(P25222)
ROBERT C. BRANDENBURG(P28660)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400
Fax: (248) 358-3351