UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TSE INDUSTRIES, INC.,

    Plaintiff,

v.                      CASE NO. 8:08-CV-1991-T-17TGW

ISOTEC INTERNATIONAL, INC.,
    Defendant.

_____/


ORDER

    This cause is before the Court on:

    Dkt. 8    Motion to Dismiss
    Dkt. 9    Response

    In the Complaint, Plaintiff seeks a declaratory judgment of noninfringement, unenforceability and invalidity in Count I, and asserts a claim for unfair competition under Florida law in Count II.

    Defendant moves for dismissal pursuant to Rule 12(b)(1) as to Count I and Rule 12(b)(6) as to Count II.

    Plaintiff opposes Defendant's Motion.

I. Count I

    Defendant seeks dismissal under Rule 12(b)(1), because there is no actual controversy between Plaintiff and Defendant as to Patent No. 6,521,298. Defendant argues that Plaintiff has not alleged facts which establish a reasonable apprehension of suit,

Case No. 8:08-CV-1991-T-17TGW

that Plaintiff has not alleged any infringing act, and that this case is an anticipatory filing. Defendant argues that the dismissal of Count I due to lack of subject matter jurisdiction means that there is no subject matter jurisdiction as to Count II.

Plaintiff responds that this case is controlled by Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007), in which the Supreme Court overruled the two part test on which Defendants rely. Plaintiff argues that the correct test is whether:

> "...[W]hether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

After consideration, the Court finds that there is an actual controversy between the parties, and **denies** the Motion to Dismiss as to Count I.

II. Count II

Defendant argues that Plaintiff has not alleged "market power" as to the alleged tying product, and therefore there are insufficient factual allegations in Count II to state a Sherman Act claim.

Plaintiff responds that Ch. 501.204 and Ch. 501.211, Florida Statutes, afford a private right of action and remedies for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any

2

Case No. 8:08-CV-1991-T-17TGW

trade or practice."

After consideration, the Court finds that allegations of the Complaint, with attachments, are sufficient to state a claim for unfair competition under Florida law. The Court **denies** the Motion to Dismiss as to Count II. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 8) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30th day of September, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record